# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| OPTIMUM POWER SOLUTIONS LLC,  a Texas Limited Liability Company, | ) ) ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| APPLE INC., a California corporation, DELL INC., a Delaware corporation, HEWLETT-PACKARD COMPANY, a California corporation, LENOVO (UNITED STATES) INC., a Delaware corporation, and SONY ELECTRONICS, INC., a Delaware corporation, | ) ) ) ) ) ) ) ) Civil Action No.  6:10cv61 |
| Defendants. | ) ) ) ) ) ) ) |

## COMPLAINT

Plaintiff Optimum Power Solutions, LLC ("OPS") files this its Complaint

against Defendants Apple Inc., Dell Inc., Hewlett-Packard Company, Lenovo

2680572 v02

(United States) Inc., and Sony Electronics, Inc., showing this Honorable Court as follows.

## NATURE OF THE ACTION

1.

This is an action for patent infringement, arising out of Defendants infringement of a U.S. patent relating to the art of power management for computers.  Specifically, this Complaint asserts claims against Defendants arising from their infringement of various claims in U.S. Pat. No. 5,781,784, issued on July 14, 1998, and entitled "DYNAMIC POWER MANAGEMENT OF SOLID-STATE MEMORIES" (the "'784 Patent").   [A true and correct copy of the '784 Patent is attached hereto as Exhibit A.]

## THE PARTIES

2.

Plaintiff is a limited liability company, organized and existing under the laws of Texas with its principal place of business in this District.

3.

Upon information and belief, Defendant Apple Inc. ("Apple") is a corporation organized and existing under the laws of the state of California.  Upon information and belief, Apple's principal place of business is located in Cupertino, California.   Apple may be served through its registered agent for

2680572 v02

service of process, CT Corporation System, 818 West Seventh Street, Los Angeles, CA  90017.

4.

Upon information and belief, Defendant Dell Inc. ("Dell") is a corporation organized and existing under the laws of the state of Delaware.   Upon information and belief, Dell's principal place of business is located in Round Rock, Texas.   Dell may be served through its registered agent for service of process, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

5.

Upon information and belief, Defendant Hewlett-Packard Company ("HP") is a corporation organized and existing under the laws of the state of California.   Upon information and belief, HP's principal place of business is located in Palo Alto, California.   HP may be served through its registered agent for service of process, CT Corporation System, 818 West Seventh Street, Los Angeles, CA  90017.

6.

Upon information and belief, Defendant Lenovo (United States) Inc. ("Lenovo") is a corporation organized and existing under the laws of the state of Delaware.   Upon information and belief, Lenovo's principal place of business is

located in Morrisville, North Carolina.   Lenovo may be served through its registered agent for service of process, CT Corporation System, 818 West Seventh Street, Los Angeles, CA  90017.

7.

Upon information and belief, Defendant Sony Electronics, Inc. ("Sony") is a corporation organized and existing under the laws of the state of Delaware. Upon information and belief, Sony's principal place of business is located in San Diego, California.  Sony may be served through its registered agent for service of process, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE  19808.

### JURISDICTION AND VENUE

8.

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and/or 1338.

9.

This Court has personal jurisdiction over the Defendants.  Each Defendant has conducted and does conduct business within the State of Texas, including within this District.   Each Defendant offers for sale, sells, and advertises its products and services within the State of Texas, including within this District. Each Defendant has committed the tort of patent infringement within the State of Texas, including within this District.

2680572 v02

10.

Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and/or 1400.

## OPERATIVE FACTS

### THE PATENT-IN-SUIT

11.

OPS is the owner by assignment of all right, title, and interest in the '784 Patent.

12.

The '784 Patent describes a novel method that dynamically manages power supplied to solid-state memory. Among other things, the '784 Patent discloses a power management device and related logic control circuitry that supplies variable voltage to solid-state memory devices. The device provides sufficient power to maintain memory information during periods of no activity or standby periods, and an increased level of power during periods of data access activity or memory access periods, thereby reducing substantially the power consumption of solid-state memory devices.

13.

Claim 1 of the '784 Patent provides:

1.    A dynamic power management device for supplying power to a solid-state memory integrated circuit, said device comprising:

2680572 v02

- 5 -

power control means for supplying variable voltage to said memory integrated circuit; and

logic control means for generating address and control signals for said memory integrated circuit and for controlling said power control means

wherein the power control means supply power to said memory integrated circuit, said power being supplied to the memory integrated circuit at a first variable voltage level during periods of no data activity and at a second variable voltage level during periods of data access activity, the variable voltage supplied at said first variable voltage level being less than the variable voltage being supplied at said second variable voltage level,

wherein the power supplied at the first level is sufficient to preserve information stored in the integrated memory circuit and the power supplied at the second level is sufficient to read and write information in the integrated memory circuit.

'784 Patent, Col. 7, ll. 2-22.

THE INFRINGING PRODUCTS

Defendant Apple's Products

14.

Defendant Apple, within the United States, manufactures, uses, offers for sale, or sells computers, including, but not limited to, the Apple MacBook Pro

2680572 v02

- 6 -

with an Intel Core 2 Duo CPU (P8600) 2.4GHz with a 3MB L2 cache, (collectively, the "Apple Computers") that, among other things, utilize a dynamic power management device that supplies variable voltage to solid-state memory devices, such that sufficient power is provided to maintain memory information during standby periods and an increased level of power is supplied during memory access periods, thereby reducing substantially the power consumption of the solid-state memory devices.

15.

The Apple Computers contain each limitation set forth in at least claim 1 of the '784 Patent.

16.

Defendant Apple does not have a license or other authorization to practice the claims set forth in the '784 Patent.

Defendant Dell's Products

17.

Defendant Dell, within the United States, manufactures, uses, offers for sale, or sells computers, including, but not limited to, the Dell Studio1555 Notebook with an Intel Centrino 2 Duo CPU (P8600) 2.4GHz with a 3MB L2 cache, (collectively, the "Dell Computers") that, among other things, utilize a dynamic power management device that supplies variable voltage to solid-state memory devices, such that sufficient power is provided to maintain memory

2680572 v02

information during standby periods and an increased level of power is supplied during memory access periods, thereby reducing substantially the power consumption of the solid-state memory devices.

18.

The Dell Computers contain each limitation set forth in at least claim 1 of the '784 Patent.

19.

Defendant Dell does not have a license or other authorization to practice the claims set forth in the '784 Patent

Defendant HP's Products

20.

Defendant HP, within the United States, manufactures, uses, offers for sale, or sells computers, including, but not limited to, the HP Pavillion dv3-2150us notebook with an Intel Core 2 Duo CPU (T6500) 2.1GHz with a 2MB L2 cache, (collectively, the "HP Computers") that, among other things, utilize a dynamic power management device that supplies variable voltage to solid-state memory devices, such that sufficient power is provided to maintain memory information during standby periods and an increased level of power is supplied during memory access periods, thereby reducing substantially the power consumption of the solid-state memory devices.

21.

The HP Computers contain each limitation set forth in at least claim 1 of the '784 Patent.

22.

Defendant HP does not have a license or other authorization to practice the claims set forth in the '784 Patent.

Defendant Lenovo's Products

23.

Defendant Lenovo, within the United States, manufactures, uses, offers for sale, or sells computers, including, but not limited to, the Lenovo ThinkPad T500 with an Intel Core 2 Duo CPU (P8600) 2.4GHz with a 3MB L2 cache (collectively, the "Lenovo Computers") that, among other things, utilize a dynamic power management device that supplies variable voltage to solid-state memory devices, such that sufficient power is provided to maintain memory information during standby periods and an increased level of power is supplied during memory access periods, thereby reducing substantially the power consumption of the solid-state memory devices.

24.

The Lenovo Computers contain each limitation set forth in at least claim 1 of the '784 Patent.

2680572 v02

25.

Defendant Lenovo does not have a license or other authorization to practice the claims set forth in the '784 Patent.

Defendant Sony's Products

26.

Defendant Sony, within the United States, manufactures, uses, offers for sale, or sells computers, including, but not limited to, the Sony Vaio Z notebook with an Intel Core 2 Duo CPU (P8700) 2.53GHz with a 3MB L2 cache (collectively, the "Sony Computers") that, among other things, utilize a dynamic power management device that supplies variable voltage to solid-state memory devices, such that sufficient power is provided to maintain memory information during standby periods and an increased level of power is supplied during memory access periods, thereby reducing substantially the power consumption of the solid-state memory devices.

27.

The Sony Computers contain each limitation set forth in at least claim 1of the '784 Patent.

28.

Defendant Sony does not have a license or other authorization to practice the claims set forth in the '784 Patent.

2680572 v02

29.

All conditions precedent to the assertion of the claims set forth in this Complaint have been satisfied or waived.

COUNT ONE

APPLE'S INFRINGEMENT OF THE '784 PATENT

30.

OPS incorporates by reference as if fully set forth herein the averments contained within Paragraphs 1-3, 8-16, and 29.

31.

By reason of some or all of the foregoing, Defendant Apple has infringed at least one claim of the '784 Patent.

32.

OPS has suffered damages as the direct and proximate result of Defendant Apple's infringement of the '784 Patent.

COUNT TWO

DELL'S INFRINGEMENT OF THE '784 PATENT

33.

OPS incorporates by reference as if fully set forth herein the averments contained within Paragraphs 1-2, 4, 8-13, 17-19, and 29.

34.

By reason of some or all of the foregoing, Defendant Dell has infringed at least one claim of the '784 Patent.

2680572 v02

35.

OPS has suffered damages as the direct and proximate result of Defendant Dell's infringement of the '784 Patent.

COUNT THREE

HP'S INFRINGEMENT OF THE '784 PATENT

36.

OPS incorporates by reference as if fully set forth herein the averments contained within Paragraphs 1-2, 5, 8-13, 20-22, and 29.

37.

By reason of some or all of the foregoing, Defendant HP has infringed at least one claim of the '784 Patent.

38.

OPS has suffered damages as the direct and proximate result of Defendant HP's infringement of the '784 Patent.

COUNT FOUR

LENOVO'S INFRINGEMENT OF THE '784 PATENT

39.

OPS incorporates by reference as if fully set forth herein the averments contained within Paragraphs 1-2, 6, 8-13, 23-25, and 29.

40.

By reason of some or all of the foregoing, Defendant Lenovo has infringed at least one claim of the '784 Patent.

2680572 v02

41.

OPS has suffered damages as the direct and proximate result of Defendant Lenovo's infringement of the '784 Patent.

COUNT FIVE

SONY'S INFRINGEMENT OF THE '784 PATENT

42.

OPS incorporates by reference as if fully set forth herein the averments contained within Paragraphs 1-2, 6, 8-13, 26-29.

43.

By reason of some or all of the foregoing, Defendant Sony has infringed at least one claim of the '784 Patent.

44.

OPS has suffered damages as the direct and proximate result of Defendant Sony's infringement of the '784 Patent.

WHEREFORE, OPS prays that this Court:

(1)     Enter judgment in favor of OPS and against Defendants for infringement of the '784 Patent;

(2)     Award damages to OPS in an amount to be proven at trial for infringement of the '784 Patent, pursuant to 35 U.S.C. § 284, including pre-judgment and post-judgment interest ;

(3)     This case be tried before a jury; and

(4)    OPS have such other and further relief as the Court deems just and

proper, premises considered.

This 24th day of February, 2010.

Respectfully submitted,

**WARD & SMITH LAW FIRM**


By:_____/s/ Johnny Ward
     T. John Ward, Jr.
     State Bar No. 00794818

P.O. Box 1231
Longview, TX  75606-1231
Telephone:  (903) 754-6400
Fax:  (903) 757-2323
Email:  jw@jwfirm.com



**MORRIS, MANNING & MARTIN,
LLP**


By:_____/s/ Bryan Harrison
     Bryan G. Harrison
     State Bar No. 09112600

1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326-1044
Telephone:  (404) 233-7000
Fax:  (404) 365-9532
Email:  bgh@mmmlaw.com

Attorneys for Plaintiff Optimum Power
Solutions, LLC

2680572 v02